FERGUSON *v.* PIERSON.

(Decided February 6, 1928.)

*Mr. W. A. Rinckoff,* for plaintiff in error.
*Messrs. Kelley & Remke,* for defendant in error.

CUSHING, J.  This action is prosecuted to recover damages for a breach of contract.

Ferguson and Pierson, on January 11, 1923, entered into a written contract, by the terms of which Ferguson agreed to do the carpenter work on four houses for $600 per house, and to purchase one of said houses, when completed, paying therefor $1,200 for the lot and the cost of the house.  Ferguson was to secure a loan from some building association for as much as he could borrow on the house, pay it to

Pierson, and execute a second mortgage on the house and lot, to secure the balance, plus the amount of discount Pierson would have to pay in order to cash or sell the note and second mortgage.

Pierson was to convey the property to Ferguson by warranty deed, free of incumbrances, except the taxes due and payable in June, 1923.

With the exception of some details, the houses were constructed about or prior to, the first part of July, 1923, except that there was some painting and grading to be done, and walks were to be put in. This work was completed in July, or about August 1.

Ferguson did not select the house he was to purchase. He did not secure a loan from any building association. The only effort he made to that end was to make application to two or three building associations. The loan requested was not refused. Ferguson demanded it on a 50 cent share basis, and the building associations required that loans be made on the dollar share basis.

At the trial, one witness testified to a conversation between Ferguson and Pierson to the effect that, if Ferguson did not secure the loan by August 15, Pierson should have the right to sell the property. This was denied. It was not made an issue in the case, and yet the court, in its charge, gave it to the jury as one of the issues for it to determine. This was erroneous.

On the issues made by the pleadings, it was incumbent upon Ferguson to perform his part of the contract. There is no evidence from which it could be inferred that he at any time even attempted to carry out his part of the contract. When he received the letter of August 20, he did not attempt to

secure the loan provided for in the contract; nor did he agree to take over the construction loan that Pierson had placed on the property in the sum of $4,500, under date of June 8, 1923, and to give a second mortgage for the balance.

It is not material that the court erroneously charged on an issue not made by the pleadings, nor that he used the language in his charge, "if the house was substantially completed," for the reason that Ferguson did not do anything toward carrying out his part of the contract. Nor is it material that there was a controversy over the actual cost of the house. The house was sold for $7,500, and in order to give Ferguson the right to recover the difference between what the house actually cost and the sale price, he must establish by a preponderance of the evidence that he performed, or attempted to perform, his part of the contract. This was not shown, and, under the law, there was no evidence supporting the allegations of the petition. The court, therefore, erred in overruling the motion of the defendant at the close of the plaintiff's evidence, and, at the close of all the evidence, to instruct a verdict for the defendant. The jury returned a verdict for the defendant. This verdict was correct, and, had the verdict been otherwise, this court on the record would have reversed it, and entered judgment for the defendant.

The judgment of the Court of Common Pleas of Hamilton county will therefore be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and MILLS, J., concur.